537 P.2d 933

**STATE of Arizona, Appellee,**

v.

**Terry BOYLES, Appellant.**

**No. 3029.**

Supreme Court of Arizona,
In Banc.

July 16, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., Grove M. Callison, Asst. Atty. Gen., Phoenix, for appellee.

H. K. Wilhelmsen, Prescott, for appellant.

LOCKWOOD, Justice:

The appellant, Terry Boyles, was convicted of the crime of robbery while armed with a gun and was sentenced to a term of from seven to twelve years in the Arizona State Prison.

This case arose out of the February 27, 1974 robbery of a Prescott market by Boyles and an accomplice. The police had the market under surveillance when the crime occurred and arrested the pair as they attempted to flee from the scene. At the trial the accomplice and several police officers testified concerning the defendant's participation in the crime and subsequent self-incriminating statements.

The appellant's sole allegation of error is that the trial court abused its discretion in refusing to give an instruction on intoxication. The defense contended that the evidence showed the accused to have been inebriated to such an extent during commission of the crime that he was entitled to have the jury consider whether he was capable of forming a specific intent to deprive someone of their property, an element of the crime of robbery. A.R.S. § 13–132. State v. Hardin, 99 Ariz. 56, 406 P.2d 406 (1965).

The clear weight of the evidence indicates the defendant was not drunk at the time he committed the robbery. Yavapai County Deputy Sherriff Robert Vigueria, who was with the defendant at the jail just after his apprehension, testified at the suppression hearing that Boyles appeared to have been drinking "not real recently to the time of the arrest * * *." Prescott police officer Max Merritt testified at the trial that the defendant stated at the station after his arrest that he had consumed "three beers, maybe four" and did not appear intoxicated. Debbie Pearson, who

**64**

worked as a store clerk at the time of the robbery, testified she detected no odor of alcohol during commission of the crime and that Boyles appeared normal: "He didn't seem like anything was wrong with him."

As previously noted, the defendant almost totally relies on the testimony of his accomplice to show that he was intoxicated. On cross-examination the accomplice said "yes" in response to the question "You say all * * * of you were intoxicated on the night of the 27th?" What the accomplice actually had said on direct examination was that he was not sure what or how much the defendant had been drinking, if anything:

"Q. Was Mr. Boyles drinking also?

"A. I think so.

"Q. Do you have any idea how much Mr. Boyles drank?

"A. No.

"Q. Okay. Was he drinking whisky, to your knowledge; or was he drinking beer?

"A. I don't know. There was beer and whisky."

As we previously stated:

"The mere fact that the appellant may have been drinking prior to the commission of the crime is not enough to require an instruction on intoxication; there must be evidence that the drinking had such substantial effect on him that he could not harbor [specific intent] * * *." State v. Edgin, 110 Ariz. 416, 520 P.2d 288 (1974). See State v. Roqueni, 94 Ariz. 72, 381 P.2d 757 (1963).

Such an instruction is proper where "there was sufficient evidence of defendant's state of intoxication at the time of the [crime] * * * to present a question of fact for the jury as to whether defendant was capable of entertaining a [specific intent] * * * required for conviction." State v. Contreras, 107 Ariz. 68, 481 P.2d 861 (1971).

The record is devoid of any evidence to support the defendant's contention that "the drinking had such substantial effect on him that he could not harbor [specific intent] * * *." State v. Edgin, supra. The accomplice's testimony on the question of intoxication was ambiguous at best and would not entitle the defendant to have the trial court give an instruction on intoxication.

The conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.