616 P.2d 936

**The STATE of Arizona, Appellee,**

v.

**David Ross VAN WINKLE, Appellant.**

**No. 2 CA–CR 1971.**

Court of Appeals of Arizona,
Division 2.

June 30, 1980.

Rehearing Denied Aug. 6, 1980.

Review Denied Sept. 11, 1980.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by Frank P. Leto, Tucson, for appellant.

OPINION

RICHMOND, Judge.

The two issues in this appeal from a conviction of theft of property valued at over $100 are 1) whether there was sufficient evidence to sustain the verdict, and 2) whether the court erred in instructing the jury. We affirm.

Appellant contends the evidence was insufficient to prove that he knowingly con-

trolled the property of another without lawful authority and either intended to deprive the owner of the property or knew or had reason to know the property was stolen. A.R.S. § 13–1802(A)(1) and (5). He also argues that the evidence as to the value of the property was insufficient to support a finding that it was worth over $100. A.R.S. § 13–1802(C). In testing the sufficiency of the evidence, the facts must be viewed in the light most favorable to upholding the verdict and all reasonable inferences are resolved against the appellant. *State v. Jones*, 125 Ariz. 417, 610 P.2d 51 (1980).

Appellant testified that he bought four speed leads (vertical poles used by masons in constructing walls) from a man named John at a price lower than anybody else was asking. He offered no evidence to corroborate that testimony. A deputy who investigated the theft of the speed leads from a construction site near appellant's home testified that appellant said he bought the leads from a man named Paul at 4:00 p. m. However, the owner testified the leads were still at the site at 4:30 p. m. At trial, appellant testified he picked up the speed leads from the site after 6:00 p. m. He admitted that he had told the deputies that he had never been to the site and lied to them when he denied that footprints at the site were his. Although appellant said it was not dark and he had no reason to hurry when he loaded the speed leads, parts to three of the leads were left at the site.

This evidence was sufficient for the jury to reject as implausible appellant's explanation of his purchase of the stolen speed leads or to find that he knew or had reason to know the leads were stolen when he purchased them. There was also sufficient evidence to support the jury finding that the leads had a value in excess of $100. The owner testified that the four leads were worth about $45 each. He had purchased them at that price 15 months earlier. Appellant testified that he paid John $100 for the leads, which he had priced elsewhere at $130 to $240. The question of value was one for the jury to decide. *State v. Ware*, 27 Ariz.App. 645, 557 P.2d 1077 (1976).

Appellant next contends that the court erred in giving three instructions applying the statutory inferences set out in A.R.S. § 13–2305, as mandated by § 13–1802(A)(5). Appellant waived any defects in the instructions when he failed to object to them. 17 A.R.S. Rules of Criminal Procedure, rule 21.3(c); *State v. Ware, supra.* Any error in the challenged instructions did not constitute fundamental error. *See United States v. Mavrick*, 601 F.2d 921, 928, n.8 (7th Cir. 1979). Inasmuch as the statutory inferences are permissive, the instructions do not violate the constitutional standard set forth in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, *see* n.9 at 2457, 61 L.Ed.2d 39 (1979) and cases there cited.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.