628 P.2d 54

The STATE of Arizona, Appellee,

v.

James Lowell DEAN, Appellant.

No. 2 CA-CR 2163.

Court of Appeals of Arizona,
Division 2.

March 5, 1981.

Rehearing Denied April 15, 1981.

Review Denied May 5, 1981.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted of theft of property valued at more than $1,000, knowing or having reason to know it was stolen, in violation of A.R.S. Secs. 13–1802, 13–701, 13–702, 13–801 and 13–803. He was placed on probation for three years with the condition that he serve six months in the Pima County Jail.

Appellant raises three issues for consideration on appeal: (1) The trial court erred in the giving of certain instructions to the jury; (2) the court erred in permitting prosecutorial misconduct during closing argument, and (3) error was committed by refusing to give appellant's requested jury instruction on the effect of intoxication. We reverse.

The facts necessary for a determination of this appeal are as follows. On or about January 30, 1980, a burglary occurred at the Calvary Evangelistic Center and various pieces of sound and musical equipment were taken. The minister of the center, Maynard Weisbrod, testified that about $2,000 worth of the property was returned to him on February 13, 1980. The returned property was retrieved from appellant's house on February 1 by two police officers.

At trial, appellant testified that he purchased the equipment from men at the Tanque Verde Swap Meet on January 30, 1980, for $50 cash, although they had wanted $100 for it. When he returned home on February 1, he saw that his equipment was missing and called the police to report it stolen. The police came to his house to investigate and appellant told the police that he had bought the equipment at the swap meet and that he did not know the items were stolen although he "had never saw nobody sell something like that before."

Appellant attacks the instructions given to the jury concerning the statutory inferences of A.R.S. Sec. 13–2305. One of the instructions given was as follows:

"The purchaser (sic) of stolen property, outside the regular course of business, *permits a conclusion* that the purchaser was aware of the risk that it had been stolen." (Emphasis added)

A.R.S. Sec. 13–2305(3) provides:

"3. Proof of the purchase or sale of stolen property by a dealer in property, out of the regular course of business, or without the usual indicia of ownership other than mere possession, unless satisfactorily explained, *gives rise to an inference* that the person buying or selling the property was aware of the risk that it had been stolen." (Emphasis added)

This statute requires that the purchase or sale of the stolen property be made by a "dealer in property" which is further defined in A.R.S. Sec. 13–2301(B)(1) as "a person who buys and sells property as a business." There was no evidence adduced at trial which established that either of the sellers were dealers in property. Furthermore, the effect of the instruction was to advise the jury that it could infer that anyone who buys property at a swap meet is aware of the risk that it is stolen. We do not believe that A.R.S. Sec. 13–2305(3) supports the giving of this instruction and hold that the error committed was prejudicial to appellant. Appellant alleges there were other errors in the language of the instructions concerning the statutory inferences. We need not discuss these at length and urge the trial court to follow the language of the statute.

In light of our disposition of this issue, we need only address appellant's claim regarding the trial court's refusal to give his requested instruction on the effect of intoxication. Appellant claims there was competent evidence to support the giving of his Instruction No. 25 on the effect of intoxication on the particular culpable mental state necessary to commit the crime, i. e. "knowingly". The trial court commits reversible error when it refuses to give an instruction predicated on a defense theory which is reasonably supported by competent evidence. *State v. Govorko*, 23 Ariz.App. 380, 533 P.2d 688 (1975). However, the mere fact that appellant had been drinking prior to the commission of the crime was not enough to warrant the giving of an intoxication instruction. Evidence that the drinking had such a substantial effect on him that he could not have formulated the necessary criminal intent was necessary. *State v. Boyles*, 112 Ariz. 63, 537 P.2d 933 (1975). The trial court did not err in refusing to give appellant's instruction.

The case is reversed and remanded for a new trial.

HATHAWAY, C. J., and BIRDSALL, JJ., concur.