NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSHUA SANORA, *Appellant*.

No. 1 CA-CR 14-0579
FILED 7-9-2015

Appeal from the Superior Court in Maricopa County
No.  CR2013-108724-001
The Honorable Teresa A. Sanders, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew, Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**G O U L D**, Judge:

¶1 Joshua Sanora ("Defendant") appeals from his convictions and sentences for three counts of attempted sexual assault and one count of kidnapping. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal. Defendant was granted leave to file a supplemental brief *in propria persona*, and did so.

¶2 Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).[1] Finding no reversible error, we affirm.

### Facts and Procedural History[2]

¶3 Police responded to a 911 call reporting a kidnapping and sexual assault in an apartment building. When the officers arrived at the victim's apartment they found the Defendant in the victim's bedroom and arrested him.

¶4 The victim testified at trial that Defendant entered an elevator with her, and then showed her a note stating he had a gun. The victim tried

---

[1] We cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2] We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

to scream for help, but Defendant placed his hand over her mouth. Defendant followed the victim to her apartment and locked the door after they entered. The victim asked if she could leave the apartment several times, but Defendant would not let her go.

¶5 Defendant told the victim to go into the bedroom and lay down. Defendant produced handmade hangman games, and instructed the victim that if she lost the game, then she would be required to perform the sexual act described on the back of the game. The victim refused to perform the sexual acts on Defendant.

¶6 After the victim refused him, Defendant pulled down her underwear. Defendant attempted to have intercourse with the victim, but he was not able to initially penetrate the victim's vagina. Defendant briefly stopped, but at some point in time was later able to penetrate the victim's vagina and anus with his penis. The victim told Defendant that she wanted him to stop, and that she did not want to participate in the sexual acts.

¶7 Officer Milbourn testified that after he arrested Defendant, he searched him and found several notes. These notes stated that Defendant had a gun; included a threat to harm someone, ostensibly the victim, if she tried to call for help; and instructed the victim to take Defendant to her residence. The notes also included hangman games with descriptions of sexual acts on the back.

¶8 DNA evidence was introduced at trial showing that Defendant's sperm was found in the victim's vagina and anus. Additionally, a nurse testified that the victim suffered bruising to both arms and abrasions to her perineal area. The nurse described these injuries as blunt force trauma injuries.

¶9 The jury found Defendant guilty of attempted sexual assault, a lesser-included offense of count one; attempted sexual assault, a lesser-included offense of count two; count three, attempted sexual assault; and count four, kidnapping.

¶10 The trial court found Defendant had two historical prior felony convictions. The court sentenced Defendant to repetitive, presumptive prison terms of 11.25 years as to counts one, two, and three, and a repetitive, presumptive prison term of 15.75 years as to count four. The court ordered the sentences in counts one, two and three to be served consecutively, and the sentences in counts one and four to be served concurrently. The court awarded Defendant 538 days' credit for time served as to counts one and four.

## DISCUSSION

**¶11**    Defendant filed a supplemental brief claiming that the prosecutor improperly withheld exculpatory evidence.   Specifically, Defendant asserts the prosecutor failed to disclose photographs showing the nature of the alleged bruises on the victim's arms.  Because Defendant did not raise this issue in the trial court, we review for fundamental error. *State v. Henderson*, 210 Ariz. 561, 568, ¶ 26 (2005).

**¶12**    Defendant does not claim the State failed to disclose the victim's injuries, or that the examining nurse would testify about those injuries.  Indeed, the nurse testified in detail about the victim's injuries. Rather, the only issue raised by Defendant is that the State did not provide photographs of these injuries.  However, Defendant fails to show how the lack of photographs prejudiced him.  Accordingly, we find no fundamental error.

**¶13**    Defendant also argues the State failed to disclose Odeniel Sertil as a witness.  We disagree.  The record shows that Sertil was listed as a witness in the State's joint pretrial statement.

**¶14**    Defendant accuses the State of committing prosecutorial misconduct by admitting handwritten papers into evidence without proper foundation.  In essence, Defendant objects to the trial court's admission of this evidence. We review a trial court's ruling concerning the admission of evidence for an abuse of discretion.  *State v. George*, 206 Ariz. 436, 446, ¶ 28 (App. 2003).

**¶15**    The papers were properly admitted.   Officer Milbourn testified that he found the notes in Defendant's pocket; the notes matched the victim's description of the notes handed to her by Defendant; and the notes contained relevant, inculpatory statements. Ariz. R. Evid. 403, 901(a). Accordingly, the trial court did not abuse its discretion in admitting the notes.

**¶16**    Defendant contends that one of the jurors said "no" when polled as to whether the verdicts were his true verdicts.  This contention misstates the record.  All of the jurors were polled and confirmed that the guilty verdicts were their true verdicts.

**¶17**    Defendant asserts that the trial court erred by instructing the jury to "please" consider the lesser-included offense if the jury either found Defendant not guilty of the greater offense or could not agree on the verdict as to the greater offense.  Defendant did not object to this jury instruction

and has failed to show how adding "please" to the jury instruction prejudiced him in any way. By failing to object to the jury instructions, Defendant waived any defects. *State v. Van Winkle*, 126 Ariz. 476, 477 (App. 1980).

**¶18** Defendant argues that the trial court improperly imposed an aggravated sentence. The court did not impose an aggravated sentence. Rather, the court sentenced Defendant to presumptive terms for each conviction.

**¶19** Defendant asserts the trial court improperly imposed consecutive sentences for his attempted sexual assault convictions. We review a trial court's imposition of consecutive sentences de novo. *State v. Urquidez*, 213 Ariz. 50, 52, ¶ 6 (App. 2006).

**¶20** Here, the record shows that consecutive sentences were proper because each conviction for attempted sexual assault was based on a separate act and placed the victim under a different risk of harm. *Urquidez*, 213 Ariz. at 52, ¶ 7; *State v. Gordon*, 161 Ariz. 308, 315 (1989). Count one involved Defendant's attempted penetration of the victim's vagina; count two involved Defendant's attempted penetration of her anus; and count three involved a separate, earlier attempt at vaginal penetration. Accordingly, the court did not err in imposing consecutive sentences.

**¶21** We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

**¶22** Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

**CONCLUSION**

**¶23** For the foregoing reasons, Defendant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama