NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT LEON JONES, JR., *Petitioner*.

No. 1 CA-CR 21-0529 PRPC
FILED 7-5-2022

Petition for Review from the Superior Court in Maricopa County
No. CR2018-000243-001
The Honorable Jay R. Adleman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Robert Leon Jones, Jr., Yuma
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1        Robert Leon Jones, Jr., seeks review of the superior court's order denying his petition for post-conviction relief. For the following reasons, we grant review but deny relief.

¶2        A Grand Jury indicted Jones in July 2018 on one count of second-degree trafficking in stolen property, a class three felony. Jones traded oxycodone pills for a recently stolen tablet, which his girlfriend later pawned. The jury found Jones guilty, and the superior court sentenced him to nine years' imprisonment, as a category three repetitive offender. *See* A.R.S. § 13-703(J).

¶3        We first dismissed Jones's appeal for lack of jurisdiction because he filed an untimely notice of appeal. Jones then received post-conviction relief to file a delayed notice of appeal. Jones's appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), avowing that the record presented no arguable questions of law. Jones filed a *pro per* supplemental brief, arguing the court erred by admitting photographs of the tablet and failing to provide a *Willits* instruction based on the police officer's failure to retain the tablet for forensic testing. We found no error and affirmed Jones's conviction and sentence. *See State v. Jones*, 1 CA-CR 20-0081, 2020 WL 6578357, at *3, ¶¶ 14–16 (Ariz. App. Nov. 10, 2020) (mem. decision).

¶4        Jones's post-conviction relief counsel filed a notice of completion, avowing she found no claims for relief. Jones then filed a *pro per* petition for post-conviction relief and argued: (1) the superior court erred when it gave a permissible inference jury instruction; and (2) appellate counsel provided ineffective assistance by failing to assert this argument on direct appeal. The court summarily dismissed Jones's petition, and this petition for review followed.

¶5        "We review for abuse of discretion the superior court's denial of post-conviction relief based on lack of a colorable claim." *State v. Bennett*,

213 Ariz. 562, 566, ¶ 17 (2006). A colorable claim is one that, if true, "would probably have changed the verdict or sentence." *State v. Amaral*, 239 Ariz. 217, 220, ¶¶ 10–11 (2016). To prevail on an ineffective assistance of appellate counsel claim, a defendant must demonstrate "a reasonable probability that but for counsel's unprofessional errors, the outcome of the appeal would have been different." *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995).

**¶6** After reviewing the record, Jones's appellate counsel filed a brief in conformity with *Anders*. This filing triggered our review of the entire record for reversible error, which ensures that a "defendant's constitutional rights to due process, equal protection, and effective assistance of counsel are protected." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Here, Jones fails to demonstrate how his appellate counsel's performance impacted the outcome of the appeal. The superior court thus did not abuse its discretion when it summarily dismissed his claim.

**¶7** We note that Jones failed to challenge the permissible inference instruction in his *pro per* supplemental brief. The issue is thus waived and precluded. *See* Ariz. R. Crim. P. 32.2(a)(3). Notwithstanding waiver and preclusion, this claim provides no basis for relief. The superior court instructed the jury with a non-mandatory, statutorily provided inference. *See* A.R.S. § 13-2305(1) ("Proof of possession of property recently stolen, unless satisfactorily explained, *may* give rise to an inference that the person in possession of the property was aware of the risk that it had been stolen or in some way participated in its theft.") (emphasis added); *State v. Cole*, 153 Ariz. 86, 89 (App. 1987) (permissible inference instructions are constitutional). We therefore grant review but deny relief.

