BRADLEY, Presiding Judge.
This appeal arises out of a condemnation of money pursuant to section 20-2-93, Code 1975.
On May 6, 1985 two Mobile Police Department narcotics investigators, along with two other officers, went to the residence of Robert Cumbie to execute a search warrant. As a result of the search, four and one-half pounds of marijuana and $3,956 in small bills were recovered.
Mr. Cumbie appeals the trial court’s condemning the $3,956.
*974 The statute by which the money was condemned provides:
“(a) The following are subject to forfeiture:
[[Image here]]
“(4) Lawful currency (money) of the United States of America seized:
[[Image here]]
“c. Inside the room, closet, hallway, passageway or other intermediate area of any building of any type whatsoever, wherein any human being is found in the act of selling or receiving, or attempting to sell or receive, property described in subdivisions (1) or (2) of this subsection.”
§ 20-2-93, Code 1975.
The statute specifically requires that the money be found in a room where a person was discovered either in the act of selling or receiving or attempting to sell or receive drugs. § 20-2-93, Code 1975. It is well settled that statutes authorizing the condemnation and forfeiture of money or property must be strictly construed. $3,976.00 United States Currency v. State, 484 So. 2d 1088 (Ala. Civ. App. 1985).
We have examined the record and find it totally devoid of any evidence that the money was found in a room “wherein any human being [was] found in the act of selling or receiving, or attempting to sell or receive....” § 20-2-93(a)(4)(c), Code 1975. Consequently, the State has failed to meet its burden of proof under the statute, and the judgment of the trial court is reversed. The cause is remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED.
HOLMES and INGRAM, JJ., concur.