**KEITH M. KANESHIRO**, in his official capacity as the Prosecuting Attorney of the City and County of Honolulu, on behalf of the State of Hawaii, Petitioner–Appellee, Cross–Appellant, v. **$19,050.00 IN THE UNITED STATES CURRENCY – OWNER: GEORGE I. JANINI**, Claimant–Appellant, Cross–Appellee

NO. 15200

(S.P. NO. 90–0320)

JUNE 3, 1992

LUM, C.J., WAKATSUKI, KLEIN, AND LEVINSON, JJ., AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS, IN PLACE OF MOON, J., RECUSED

## OPINION OF THE COURT BY WAKATSUKI, J.

Claimant–Appellant, Cross–Appellee, George I. Janini (Janini), seeks relief from the trial court orders granting the State of Hawaii's (State) motion for default judgment, dismissing his verified claim for $19,050 in cash which was seized by the Honolulu Police Department; and granting the State's verified petition for forfeiture of the $19,050. The State cross–appeals asserting that the trial court erred by refusing to award reasonable attorneys' fees and costs. We rule in favor of Janini.

### I.

During a routine agricultural inspection at the Honolulu International Airport, a federal express package addressed to Janini's address in San Francisco was opened by an inspector who believed, after shaking the box, that it contained seeds, plants, or other items prohibited from leaving Hawaii under the federal laws.[1] Inside the box, the inspector discovered a heat sealed

---

[1] Under the Code of Federal Regulations § 318–13, the United States Department of Agriculture regulates all fruits, vegetables, and plant material leaving the State of Hawaii for the mainland. Without objection from the parties, the trial court took judicial notice of the relevant federal regulations and statutes. Under these provisions, agricultural inspectors have the authority to inspect without a warrant any parcel leaving the State of Hawaii for the mainland.

plastic bag which contained a blue Crown Royal whiskey bag. Inside that whiskey bag were peppercorns and another heat sealed plastic bag which contained $19,050 in cash and more peppercorns. The inspector contacted the Honolulu Police Department and turned the items over to them.

The police had a dog trained to detect narcotics, sniff separately the box and its contents. The dog "alerted" to the presence of illegal substance(s) amongst the contents of the package, however, no illegal drugs were found. The $19,050 in cash was seized by the police on the basis that the money was being used in connection with illegal drug trafficking.

Later, the State filed a verified petition for forfeiture of the $19,050 in cash on the ground that the money was used in illegal drug activities, and therefore, the $19,050 was subject to judicial in rem forfeiture under Hawaii Revised Statutes (HRS) Chapter 712A. In accordance with HRS Chapter 712A (Supp. 1989), Janini responded by filing a verified claim for the money.

HRS § 712A–12 (Supp. 1989), entitled "Judicial in rem forfeiture proceedings," provides in part:

> (8) The State has the initial burden of showing the existence of probable cause for seizure of the property. On such a showing by the State, the claimant has the burden of showing by a preponderance of the evidence that the claimant's interest in the property is not subject to forfeiture.

After a hearing, the trial court found that the State had demonstrated probable cause to support the seizure of the $19,050 in cash. The trial court then required Janini to respond to the State's interrogatories and request for production of documents. Janini refused to comply with discovery, and asserted amongst other grounds, his right to be free from self–incrimination under the fifth amendment to the United States Constitution.

The State brought a motion to compel discovery and it was granted by the trial court. Janini again refused to comply. The State brought a motion for sanctions and the entry of default judgment. The trial court granted the motion by dismissing Janini's verified claim and entering default judgment against him. The trial court then granted the State's verified petition for forfeiture of the $19,050 in cash.

## II.

Janini argues that there was no probable cause to support the seizure of the $19,050 in cash, and therefore, the dismissal and default judgment against him cannot stand. We agree.

HRS § 712A–6 (Supp. 1989) provides in part:

(1) *Property subject to forfeiture under this chapter* may be seized for forfeiture by a law enforcement officer:

. . . .

(c) By making a seizure for forfeiture without court process as follows:

. . . .

(iv) The law enforcement officer has probable cause to believe that the property is subject to forfeiture.

(2) *In determining probable cause for seizure, the fact that* ... money ... *was found in proximity to contraband or to instrumentalities of an offense gives rise to an inference* that the money ... was the proceeds of contraband or that ... money ... was used or intended to be used to facilitate commission of the offense. (Emphasis added.)

The trial court found that:

> [F]rom the testimony of Officer Anderson, it appears to me that what the dog alerted to is minute particles of whatever the property is because he talked about breaking down. The property begins to breakdown and some of it had to get into the air so that the dog could smell it.
>
> ... It appears to me in this particular case that the dog indicated that the money was in proximity to or covered with minute particles of drugs and therefore alerted to the drugs. . . .
>
> Based upon all of the evidence before me, I then rule that the Government had probable cause to believe that the property was subject to forefeiture.

However, no evidence of drugs was recovered in this case. That is, no identifiable traces of any illegal substance were discovered. Merely the "smell" of drugs was present.

In support of its contention that probable cause existed despite the absence of illegal drugs, the State cites *United States v. $91,960.00*, 897 F.2d 1457 (8th Cir. 1990). In *$91,960.00*, a trained dog "alerted" to the presence of illegal substances but none were found in the claimant's briefcase. However, in that case there was substantially more evidence of illegal drug activity where, during their encounter with the claimant at the airport, the police also found "a notebook that appeared to be a record of drug transactions," and "a one–way airplane ticket [that] had been purchased with cash" and listed as the passenger a name different from that of the claimant. *Id.* at 1463.

Further, property is subject to forfeiture only under certain circumstances designated by HRS § 712A–5 (Supp. 1989). The trial court identified the $19,050 in cash as property subject to forfeiture under any of the following three classifications listed in HRS § 712A–5 (Supp. 1989):

> (b) Property used or intended for use in the commission of, attempt to commit, or conspiracy to

> commit a *covered offense*, or which facilitated or assisted such activity;

> . . . .

> (e) Any proceeds or other property acquired, maintained, or produced by means of or as a result of the commission of the *covered offense*;
> (f) Any property derived from any proceeds which were obtained directly or indirectly from the commission of a *covered offense*[.]

(Emphasis added.) All three necessarily require evidence of the commission or attempted commission of a covered offense. Under HRS § 712A-4 (Supp. 1989), the definition of covered offense includes:

> (b) . . . promoting a dangerous, harmful, or detrimental drug, or commercial promotion of marijuana . . . ;
> (c) The manufacture, sale, or distribution of a controlled substance in violation of chapter 329, promoting detrimental drugs or intoxicating compounds . . . .

According to the trial court, the covered offense committed in this case was "promoting a dangerous, harmful, or detrimental drug" under HRS § 712A-4 (Supp. 1989). However, the evidence required to support such a conclusion is practically non–existent where the State could not prove the presence of any illegal drugs, but could only offer a "scent" of illegal drugs.

The State contends that the dog sniff test should be considered together with other evidence regarding the way such a large amount of cash was packaged (inside heat sealed plastic bags filled with peppercorns) and its method of transfer.

Here, while the manner in which the money was packaged and shipped may have been suspicious, even combined with the results

of the dog sniff test, the State did not present sufficient evidence to support a finding that a covered offense had been committed or even attempted, nor to support a finding of probable cause for the seizure.

We affirm the trial court's denial of attorneys' fees and costs to the State.

We reverse the dismissal and expunge the entry of default judgment against Janini. We further vacate the order granting the State's verified petition for forfeiture. We remand for the entry of an order granting Janini's verified claim for the $19,050.

Janini's request for interest on the $19,050 from the date of seizure is denied.

*Bruce N. Metz* for George I. Janini, Claimant–Appellant, Cross–Appellee.

*James H. S. Choi*, Deputy Prosecuting Attorney, for State of Hawaii, Petitioner–Appellee, Cross–Appellant.