902 P.2d 351

**In the Matter of UNITED STATES CURRENCY IN THE AMOUNT OF $315,900.00.**

**No. 2 CA–CV 94–0196.**

Court of Appeals of Arizona,
Division 2, Department A.

Aug. 22, 1995.

Reconsideration Denied Sept. 14, 1995.

⊙━5

Gary S. Kneip and James W. Cochran, Tucson, for claimant/appellant.

Stephen D. Neely, Pima County Atty. by Christopher J. Roads, Tucson, for appellee State.

## OPINION

PELANDER, Judge.

This is an appeal from the trial court's civil *in rem* order, entered following a contested evidentiary hearing, forfeiting to the state $313,500[1] in currency found within appellant's vehicle in close proximity to illegal drugs. Appellant presents several issues for review, including whether the inference supporting probable cause for forfeiture under A.R.S. § 13–4305(B),[2] as applied by the trial court, is unconstitutional or otherwise impermissible under the facts of this case. For the reasons stated below, we reverse and remand on that ground with directions to dismiss the case with prejudice.

### FACTS

On the evening of February 3, 1993, Officer Dapser of the Arizona Department of Public Safety stopped appellant's 1992 Toyota 4–Runner after he observed it speeding and being driven erratically. As he approached the vehicle, Dapser smelled an odor of burning marijuana. After exiting the vehicle and being advised of his *Miranda*[3] rights, appellant admitted he had been smoking marijuana in the vehicle. He also told Dapser that he would find two marijuana "roaches" in the vehicle, but no other drugs. In addition to two roaches in the ashtray, Dapser found between the front seats a bag containing approximately four ounces of marijuana. In a space behind the rear seat, Dapser also found a cardboard box, within which was a shoe box containing bundles of currency totaling $313,500, comprised mostly of $100 bills.

Appellant was indicted on a charge of transportation of marijuana for sale and subsequently pled guilty to unlawful possession of marijuana weighing less than one pound. The trial court suspended sentence, placed appellant on supervised probation for three years and ordered him to pay a fine of $1,050. All other criminal charges were dismissed.

### STATUTORY FRAMEWORK OF FORFEITURE AND PROCEDURAL HISTORY

After appellant was convicted, the state declared the money, the vehicle and a cellular phone found in the vehicle forfeited under A.R.S. § 13–4309(3)(b). Appellant filed a verified claim asserting ownership of the cash and contending that it was "the product of monies acquired and saved through various lawful means over a twenty-year period of time," including gambling winnings legally obtained between 1973 and 1993 in various named Nevada casinos.

■ "Under A.R.S. § 13–4304, property is subject to forfeiture if some other statute provides for such a remedy." *In re 1986 Chevrolet Corvette,* 183 Ariz. 637, 639, 905 P.2d 1372, 1374 (1994). The state alleged that the currency was money used or intended to be used in a racketeering offense under A.R.S. § 13–2314(F)(3) as well as in a drug or narcotics offense under A.R.S. § 13–3413(A). The predicate criminal conduct alleged in the state's forfeiture complaint was possession of marijuana, transportation of marijuana for sale and money laundering.

---

1. The record reflects discrepancies in the total amount reportedly found and seized.

2. A.R.S. § 13–4305 was rewritten by the Arizona Legislature in 1994. 1994 Ariz.Sess.Laws, ch.

219, § 9. The substance of former subsection (B) is now contained in subsection (F).

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ In a civil *in rem* forfeiture proceeding, the state has the initial burden of demonstrating "probable cause for forfeiture," A.R.S. § 13–4311(K), that is, "cause to believe the substantive standard has been satisfied." *1986 Chevrolet Corvette,* 183 Ariz. at 640, 905 P.2d at 1375. As our supreme court has noted: "To meet this burden, the state must demonstrate reasonable grounds for its belief that the property is subject to forfeiture, supported by more than a mere suspicion, but less than prima facie proof." *Id.* To establish the requisite probable cause in this case, the state relied solely on A.R.S. § 13–4305(B) to create a statutory inference that the money was proceeds of contraband, based on the fact that the currency was found in proximity to marijuana. As applicable to this action, former § 13–4305(B) provided as follows:

> In determining probable cause for seizure and for forfeiture, the fact that money or any negotiable instrument was found in proximity to contraband or to instrumentalities of an offense gives rise to an inference that the money or instrument was the proceeds of contraband or was used or intended to be used to facilitate commission of the offense.

■ "Once the state establishes probable cause, the claimant has the burden of showing by a preponderance of the evidence that the property is not subject to forfeiture, § 13–4311(K), either because it is exempt, or because the substantive standard has not been met." *1986 Chevrolet Corvette,* 183 Ariz. at 639, 905 P.2d at 1374. Appellant did not testify at the hearing, nor did he present any documentary evidence, such as income tax returns or records from the Nevada casinos. He merely cross-examined Officer Dapser and called as a witness William McCabe, a long-time friend who was a passenger in appellant's vehicle at the time of the stop. The trial court disregarded much of McCabe's testimony, finding it insufficient to rebut the statutory inference. This appeal followed the court's forfeiture order.[4]

*DISCUSSION*

### 1. Standard of Review

■ Ordinarily a trial court's determination of probable cause will not be disturbed if it is supported by substantial evidence. *English–Clark v. City of Tucson,* 142 Ariz. 522, 525, 690 P.2d 1235, 1238 (App.1984); *State v. Marquez,* 135 Ariz. 316, 318, 660 P.2d 1243, 1245 (App.1983). In forfeiture cases, however, a trial court's finding of probable cause is subject to plenary, *de novo* review because it involves a question of law. *United States v. Padilla,* 888 F.2d 642, 643 (9th Cir.1989); *United States v. $250,000.00 in United States Currency,* 808 F.2d 895, 897–98 (1st Cir. 1987). The probable cause determination in this case was based on the statutory inference in § 13–4305(B). Interpretation and application of statutes present questions of law and are subject to *de novo* review. *Turf Paradise, Inc. v. Maricopa County,* 179 Ariz. 337, 340, 878 P.2d 1375, 1378 (App.1994). In addition, constitutional questions, even mixed questions of law and fact, are reviewed *de novo. United States v. McConney,* 728 F.2d 1195 (9th Cir.), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). On the other hand, the trial court's factual findings will not be disturbed unless they are clearly erroneous. *Federoff v. Pioneer Title & Trust Co.,* 166 Ariz. 383, 388, 803 P.2d 104, 109 (1990). Such determinations inherently involve the weighing of evidence and the assessment of witness credibility, matters clearly within the province of the trier of fact. *Nutter v. Bechtel,* 6 Ariz.App. 501, 505, 433 P.2d 993, 997 (1967).

■ Courts should decide cases on nonconstitutional grounds if possible, avoiding resolution of constitutional issues, when other principles of law are controlling and the case can be decided without ruling on the constitutional questions. *See, e.g., Zobrest v. Catalina Foothills School District,* 509 U.S. 1, 113 S.Ct. 2462, 125 L.Ed.2d 1 (1993); *Petolicchio v. Santa Cruz County Fair & Rodeo Ass'n,* 177 Ariz. 256, 866 P.2d 1342 (1994). However, the substance of this ap-

---

**4.** The trial court initially ordered appellant's Toyota 4–Runner forfeited, but that forfeiture is not in issue in this appeal. The court also concluded that a cellular phone found in appellant's vehicle was not subject to forfeiture. The state has not appealed from that ruling.

peal clearly implicates various constitutional issues, and we therefore address them to the extent necessary.[5]

## 2. Probable Cause and the Statutory Inference of A.R.S. § 13-4305(B)

■ Appellant first contends that the trial court's reliance on the statutory inference of § 13-4305(B) was without any rational basis and therefore unconstitutional under the facts of this case.[6] While we disagree with appellant's limited construction of the statute, which he claims permits an inference only in the case of a proven offense and only as to that specific offense, we believe the statutory inference alone was insufficient to establish probable cause for forfeiture under the particular facts of this case.

■ First, in our view, there must be some rational basis for drawing the statutory inference under § 13-4305(B); in this case, we simply can find none. In *State v. Cole*, 153 Ariz. 86, 734 P.2d 1042 (App.1987), in discussing the constitutionality of permissive inferences, Division One of this court noted

that "[a]n inference is irrational, and therefore unconstitutional, if it cannot at least be said with substantial assurance that the inferred fact is more likely than not to flow from the proved fact on which it depends." *Id.* at 89, 734 P.2d at 1045 (*citing Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969)). The court further noted that "even a permissive inference may violate due process if, under the facts of the case, there is no rational way that the trier of fact could make the connection permitted by the inference." *Id.*

■ The state attempts to distinguish this language in *Cole* on the basis that that case involved a criminal prosecution, while this case involves a civil *in rem* forfeiture. We find that argument unpersuasive. While denominated civil in nature, forfeiture actions have properly been characterized as quasi-criminal, *Fitzgerald v. Superior Court*, 173 Ariz. 539, 545, 845 P.2d 465, 471 (App.1992); therefore, we believe the court's observations in *Cole* about the limits of permissive inferences are equally applicable in this context.[7]

**5.** We dispose summarily of appellant's contention that the state was collaterally estopped from asserting that the marijuana seized from his vehicle was possessed for sale or that any other criminal offense beyond simple possession supported the forfeiture. Appellant pled guilty to marijuana possession, an offense within the scope of Arizona's forfeiture statutes. A.R.S. §§ 13-2301(D)(4)(k), 13-2314(F)(3), 13-3405(A)(1) and 13-3413(A). Based on that predicate offense and the unrebutted statutory inference, and assuming probable cause existed for forfeiture of the money, there was no need for the state to assert or prove any different or additional charges. Moreover, appellant's collateral estoppel argument was waived by the language in his plea agreement, which provided that "[n]othing in this plea agreement shall be construed to affect the outcome of any forfeiture action ... arising out of or connected with the facts of this action."

**6.** Arizona's statutory presumption is not unique. The forfeiture statutes in at least nineteen other states are virtually identical to § 13-4305(B), providing that money found in close proximity to contraband is presumed to be the proceeds of contraband or to have been used or intended to be used in a manner giving rise to forfeiture. *See, e.g.*, Ga.Code Ann. § 16-13-49(s); Haw.Rev. Stat. § 712A-6(3); 42 Pa.Cons.Stat.Ann. § 6801(a)(6)(ii); Utah Code Ann. § 58-37-13(1)(g)(ii). The few cases addressing the constitutionality of such statutes appear to be split.

*Compare Ewachiw v. Director of Finance of Baltimore City*, 70 Md.App. 58, 519 A.2d 1327 (1987), and *State ex rel. Cook v. Saynes*, 713 S.W.2d 258 (Mo.1986), *with State v. Spooner*, 520 So.2d 336 (La.1988). The constitutionality of § 13-4305(B) has not been specifically raised or briefed in this case, and resolution of that issue is not necessary to our decision.

**7.** Although it is far from clear, in the law, an "inference" is akin and perhaps identical to a "presumption." *See generally* Morris K. Udall, et al., *Arizona Practice: Law of Evidence* §§ 141-143, at 314-324 (3d. ed. 1991). As noted in that treatise: "Professor Morgan began a classic article on presumptions with this sentence: 'Every writer of sufficient intelligence to appreciate the difficulties of the subject matter has approached the topic of presumptions with a sense of hopelessness and has left it with a feeling of despair.' Learned Hand said about presumptions: 'Judges have mixed it up until nobody can tell what on earth it means....' " *Id.* at 314. With these caveats in mind, we note that Arizona courts have stated that "a presumption is not evidence of anything and only relates to a rule of law as to which party shall first go forward and produce evidence sustaining a matter in issue, and ... a presumption should never be placed in a scale to be weighed as evidence," *In re Estate of Hesse*, 62 Ariz. 273, 282, 157 P.2d 347, 351 (1945), and that "[a]s long as there is some *rational connection* between the fact proved and the ultimate

It is undisputed here that the box containing currency was found in proximity to contraband, four ounces of marijuana. That was enough, under § 13–4305(B), to give rise to an inference that the money was proceeds of contraband. There was no clear error in the trial court's finding that much of McCabe's testimony was "conclusory and lacking in foundation," or in the ruling that appellant failed to carry his burden of rebutting the statutory inference by a preponderance of the evidence.

Unless and until probable cause is established, however, the burden of proof does not shift to a claimant. Under the facts of this case, we conclude that a determination of probable cause for forfeiture, based solely on the statutory inference, cannot be sustained. In the absence of any evidence whatsoever connecting the money to any criminal activity, past, present or future, the statutory inference, by itself, does not justify forfeiture. To rule otherwise under these facts would eliminate the state's already limited, initial burden of "demonstrat[ing] reasonable grounds for its belief that the property is subject to forfeiture, supported by more than a mere suspicion...." *1986 Chevrolet Corvette*, 183 Ariz. at 640, 905 P.2d at 1375.

■ Our conclusion here also is compelled by well-recognized constitutional principles. Seizure and attempted forfeiture of one's property implicates protections under the Fourth, Fifth, and Fourteenth Amendments against unreasonable seizures and property deprivations without due process of law. *United States v. James Daniel Good Real Property*, — U.S. —, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). *See also United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1071 (9th Cir.1994) ("The standard of probable cause to support a forfeiture is similar to that required for a search war-

rant."). As the Ninth Circuit has recognized in this context:

> To meet its burden of establishing probable cause, "the government must show that it had reasonable grounds to believe that the [money] was related to an illegal drug transaction, supported by less than prima facie proof but more than mere suspicion." "To pass the point of mere suspicion and to reach probable cause, it is necessary to demonstrate by some *credible evidence* the probability that the money was in fact connected to drugs."

*United States v. U.S. Currency, $30,060.00*, 39 F.3d 1039, 1041 (9th Cir.1994) (citations omitted). The Ninth Circuit held that a narcotics detection dog's positive alert on the claimant's money, the money's packaging and amount, the claimant's false accounts of the money's source and his employment record were insufficient to establish probable cause that the money was connected to drugs and, thus, to warrant forfeiture. *See also United States v. $38,600.00 in U.S. Currency*, 784 F.2d 694, 699 (5th Cir.1986) ($38,600 concealed under car back seat and found with pipe containing marijuana residue and cigarette rolling papers may constitute probable cause to believe money connected with *some* illegal activity, but created no more than mere suspicion that money furnished in exchange for drugs).

■ A statute such as § 13–4305(B) cannot circumvent or supplant the constitutional requirements for probable cause and forfeiture. A legislative body simply cannot override a constitutional mandate. Rather, in our view, the inference permitted under the statute is but one factor that may be considered in "determining probable cause for seizure and for forfeiture...." § 13–4305(B).[8] A determination of probable cause that rests *solely* on the inference, and noth-

---

fact presumed, we perceive no justification for interference by [a] Court with [a] legislatively imposed standard." *Diesel Drivers v. Industrial Commission*, 122 Ariz. 184, 189, 593 P.2d 934, 939 (App.), *aff'd*, 122 Ariz. 116, 593 P.2d 670 (1979) (emphasis added).

**8.** This is consistent with the rule that forfeiture statutes are to be strictly construed against the

government. *$191,910.00 in U.S. Currency*, 16 F.3d at 1068 (*citing United States v. One 1936 Model Ford V–8 DeLuxe Coach*, 307 U.S. 219, 226, 59 S.Ct. 861, 864, 83 L.Ed. 1249 (1939)) ("There are good reasons for this rule. Government confiscation of private property is disfavored in our constitutional system.").

ing more, however, is constitutionally impermissible.

█ In this case there simply was no evidence that the currency was related in any way to appellant's simple possession and use of marijuana in his vehicle, the only offense of which he was found guilty. More importantly, there was no evidence whatsoever that the money was derived from, or used or intended for use in connection with, any drug-related offenses, money laundering or any other illegal activities.[9] There is no doubt that appellant's possession of the currency and the legality of its source(s) or intended use are highly suspicious. Surmise and supposition, however, are not enough. *See Kaneshiro v. $19,050.00 in United States Currency,* 73 Haw. 229, 832 P.2d 256 (1992). As the state has acknowledged, it bore the burden of showing "that the currency probably came from a transaction." The state simply did not carry that burden here.[10]

In contrast, the facts in *In re Ten Thousand Ninety–Eight Dollars ($10,098.00) in United States Currency,* 175 Ariz. 237, 854 P.2d 1223 (App.1993), are quite different. The claimant there was purchasing from an undercover officer ten pounds of marijuana for $10,000 and was caught in the act of consummating the deal. Moreover, there was evidence, based on the claimant's own statements, that he intended to transport the marijuana to sell in the Detroit area. Based on those much different facts, $98 found in the claimant's pocket was held to be subject to forfeiture through application of the statutory inference in § 13–4305(B), since the money was found in proximity to an instrumentality of the offense (the car that was to be used to transport the marijuana). The offense in that case was attempting to possess marijuana for sale, and there was a permissible inference raised by § 13–4305(B) that "the money was intended to be used by [the claimant] to facilitate his possession and sale of the marijuana." *Id.* at 243, 854 P.2d at 1229. Under those facts, there clearly was a rational basis for application of the statutory inference to support a finding of probable cause, which the claimant failed to rebut. That same conclusion cannot be reached here.

█ In this case, if there were a larger amount of marijuana more consistent with drug-dealing and less consistent with personal use, some evidence that the currency or some portion thereof had been used or was intended to be used in a drug transaction or some other evidence linking appellant to drug trafficking or even to a single narcotics transaction, then the trial court's forfeiture order might well be sustainable. In the absence of any such facts, however, we cannot uphold that order. That a person is a user of marijuana and has a large amount of cash in his vehicle, without more, does not support a probable cause determination for forfeiture of the currency. *See Osborne v. Commonwealth of Kentucky,* 839 S.W.2d 281, 284 (Ky.1992) (despite rebuttable statutory presumption that currency found in close proximity to illegal drugs is forfeitable, "[i]n practical application, the [government] must first produce some evidence that the currency or some portion of it had been used or was intended to be used in a drug transaction").

The state contends that there is no requirement that seized currency be traced to any particular drug transaction, and as a general proposition that is true. *See Padilla,* 888 F.2d at 644; *United States v. 1982 Yukon Delta Houseboat,* 774 F.2d 1432, 1435 n. 4 (9th Cir.1985). This proposition and the state's position that the statutory inference of § 13–4305(B) alone supports probable cause rest on a series of federal cases, however, which are factually dissimilar from this case. For example, in *$250,000.00 in U.S.*

9. Although the state alleged transportation of marijuana for sale and money laundering as predicate offenses, it presented no evidence to support those charges. There was no direct evidence to indicate appellant was committing, attempting or intending to commit any such offenses at the time of the stop, nor was there any evidence indicating that appellant previously had engaged in any such illegal activity.

10. *See, e.g., Cumbie v. State,* 515 So.2d 973 (Ala. App.1987); *People v. $47,050,* 17 Cal.App.4th 1319, 22 Cal.Rptr.2d 32 (1993); *Medious v. Dep't of Highway Safety & Motor Vehicles,* 534 So.2d 729 (Fla.App.1988); *In re Property Seized from Daniels,* 478 N.W.2d 622 (Iowa 1991); *Commonwealth v. Seven Thousand Two Hundred Forty Six Dollars,* 404 Mass. 763, 537 N.E.2d 144 (1989).

*Currency,* the claimant was convicted of distributing, possessing with intent to distribute and conspiring to distribute cocaine. The claimant "was interested in purchasing at least three kilograms of high quality cocaine for his customers," and he "boasted that he had amassed about two million dollars in cash and had acquired real estate in Puerto Rico and Chicago in ten years of trafficking in cocaine and heroin." 808 F.2d at 898. Bail monies totaling $250,000 in connection with the charges against the claimant were seized and forfeited, since "the evidence show[ed] probable cause to believe that the bail money was derived from illegal drug transactions." *Id.* at 899. The claimant did not present any evidence at trial, and having shown unrebutted probable cause, the government was deemed entitled to forfeiture. The case is factually distinguishable from ours.

Similarly, in *Padilla,* evidence at the forfeiture hearing demonstrated a strong connection between the claimant's searched premises, where police found approximately $40,000 in cash but no drugs or drug paraphernalia, and illegal drug transactions in which the claimant probably was involved. As the court noted:

> Padilla, the owner of the house where the money was found, was one of several persons observed entering a clothing and jewelry store while it was under police surveillance as a suspected site for drug transactions. The surveillance took place during a two-day period when the store was apparently closed for business, with a "closed" sign on clear display. Nearly all persons observed entering the store were carrying something, yet none of them were observed purchasing jewelry or clothing.
>
> On the second day that the jewelry store ostensibly was closed, a yellow Mustang automobile registered to Padilla was observed at the store at about 10:00 a.m. The driver, someone other than Padilla, went into the store and left four and one-half hours later carrying a black briefcase. In the middle of that period, at about 12:30, a gray Cadillac registered to Padilla arrived at the store, and a driver matching Padilla's description went inside. He went

into the store carrying a brown package but left nine minutes later carrying nothing. Later that day both the yellow Mustang and the grey Cadillac cars were seen parked at the curb in front of Padilla's home.

888 F.2d at 644–45. Found along with the cash in Padilla's residence were "numerous documents falsely identifying Padilla as a Mexican law enforcement official, false vehicle registration forms, two revolvers and two cameras." *Id.* at 645. Not surprisingly, the court held that "in light of all the facts and circumstances probable cause exists to believe that the money seized had been or was intended to be exchanged for drugs." *Id. Padilla,* though cited by the dissent, does not support a probable cause finding here. The type of evidence presented in *Padilla,* establishing a probable link between the claimant and drug transactions, is absent in this case.

In *United States v. $93,685.61,* 730 F.2d 571 (9th Cir.), *cert. denied, Willis v. United States,* 469 U.S. 831, 105 S.Ct. 119, 83 L.Ed.2d 61 (1984), drug paraphernalia was found in the same room as the seized money. There also was other circumstantial evidence indicating that the claimant probably was involved in drug transactions, including bullets, powder scales, glassine bags and a "ziploc" bag with cocaine residue found in the same room as the money. Again, those circumstances are different from this case.

A substantial link between drug transactions and the property subject to forfeiture also was established in *1982 Yukon Delta Houseboat.* In that case there was "direct evidence that the seized houseboats were bought with money derived from illegal narcotics deals." 774 F.2d at 1434. There was also substantial evidence that the corporate owner of the houseboats was a front for the actual purchaser who had told a Drug Enforcement Administration informant "that all of his possessions, money and income were from dealing in narcotics" and who was "caught red-handed arranging for and carrying out a $150,000.00–plus cocaine purchase...." *Id.* at 1484–85. No similar facts were presented in this case.

In addition to the foregoing, a finding of probable cause based solely on the

statutory inference of § 13–4305(B) cannot justify forfeiture if the substantive standards providing such a remedy are not met. As noted earlier, the substantive bases for forfeiture relied on by the state here were A.R.S. § 13–2314(F)(3) and A.R.S. § 13–3413(A)(1). Under § 13–2314(F)(3), the "racketeering" offenses giving rise to forfeiture require some act "committed for financial gain." A.R.S. § 13–2301(D)(4). There was neither evidence nor a reasonable inference of any such act in this case; accordingly, that section could not support the forfeiture here.

■ Similarly, the forfeiture could not be justified under § 13–3413(A)(1) because there simply was no proof or reasonable inference that the money was "used or intended for use" in violation of any of the proscribed acts in Arizona's drug offense statutes. A.R.S. §§ 13–3401 through 13–3411. Thus, regardless of the statutory inference of § 13–4305(B), the forfeiture was not supportable under either of the substantive statutes relied on by the state.

As the Supreme Court observed in *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania*, 380 U.S. 693, 699, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170, 174 (1965), "[t]here is nothing even remotely criminal in possessing an automobile" or, we submit, a large sum of cash. *See, e.g., U.S. Currency, $30,060.00*, 39 F.3d at 1044–45; *$191,910.00 in U.S. Currency*, 16 F.3d at 1072 ("[A]ny amount of money, standing alone, would probably be insufficient to establish probable cause for forfeiture."). Arizona's forfeiture statutes are broad and far-reaching and therefore subject to potential prosecutorial abuse. *See, e.g., 1986 Chevrolet Corvette*, 183 Ariz. at 640, 905 P.2d at 1375; *Wohlstrom v. Buchanan*, 180 Ariz. 389, 394, 884 P.2d 687, 692 (1994). Since the government's evidence here was constitutionally inadequate to support a finding of probable cause for forfeiture, since the statutory inference alone is insufficient to comply with constitutional requirements for probable cause and since the substantive standards for forfeiture were not met, the trial court's forfeiture order cannot stand. Accordingly, there is no need to address or resolve the other significant issues appellant raises, including the constitutional challenges on double jeopardy and excessive fines grounds.

The trial court's forfeiture order is reversed, and the case is remanded with directions to dismiss the case with prejudice.

LIVERMORE, Judge, specially concurring.

What is present in this case is an amount of marijuana that would be possessed by a user and $313,500 in cash. From this we are asked to find probable cause that the cash was the proceeds of drug dealing and thus subject to seizure and to forfeiture. I join Judge Pelander in declining to do so. First, there is no direct evidence in the case about the prevalence of cash in society. If a judge were to conclude that cash amounts so large can most probably be explained by illicit drug dealings, it can only be by some form of illegitimate judicial notice, derived perhaps from television, that large sums of cash mean that. That such sums are unfamiliar to middle class judges is, of course, not proof of criminality. Second, if the amount of cash itself is insufficient, putting it next to proof of marijuana use does not create sufficiency. I doubt that placing it next to a bottle of gin or a pack of cigarettes would permit the conclusion that the money was derived from illicit sales of those commodities. Just because a person uses an illegal or socially suspect substance does not permit a finding that his living is earned from it. Finally, the statutory inference is of little utility. The legislature can do many things. Establishing verities, I would have thought, was not one of them. Assuming, however, that an inference were permissible, it is insufficient standing alone, as it does in this case, to establish probable cause for forfeiture.[1]

1. I am deeply troubled by the position of the dissent that it is permissible to consider the 1980 cocaine possession conviction as tending to prove that the claimant was a drug dealer in 1994. If marijuana possession in 1994 does not sustain that finding, cocaine use fourteen years before will not sustain it. Moreover, such use of a prior conviction is an impermissible character use under Rule 404, Ariz.R.Evid., 17A A.R.S.

FERNANDEZ, Judge, dissenting.

I respectfully dissent. The majority rejects the trial court's reliance on the statutory inference because it believes that the statutory inference alone is insufficient to establish probable cause for forfeiture under the facts of this case. Unlike the majority, I find a sufficient rational basis in the facts to establish probable cause for forfeiture, considering the totality of the circumstances.

Appellant had previously been convicted of possession of cocaine in 1980, as shown by a certified copy of the conviction that was admitted. He committed several traffic violations on a public street and the interstate highway and was stopped. The Department of Public Safety officer smelled the odor of burning marijuana and was told by appellant that he would find two "roaches" in the ashtray. The officer then found the marijuana, which was compressed and appeared to be fresh, and a shoe box containing a large amount of currency. This evidence, in my opinion, is sufficient to show probable cause based on former A.R.S. § 13–4305(B) as a matter of law. *United States v. Padilla,* 888 F.2d 642 (9th Cir.1989). The state is not required to trace the currency to any particular transaction. *United States v. 1982 Yukon Delta Houseboat,* 774 F.2d 1432 (9th Cir.1985).

The only evidence appellant presented was the testimony of his passenger who essentially denied any knowledge of the marijuana or the currency. The trial court specifically disregarded his testimony as not being credible. Thus, it is clear to me that appellant did not meet his burden of rebutting the statutory inference.

In *State ex rel. Cook v. Saynes,* 713 S.W.2d 258, 262 (Mo.1986), the Missouri Supreme Court stated:

> The fact that money is found in close proximity to forfeitable controlled substances furnishes a logical basis for the inference of forfeitability; hence the presumption may not be said to be arbitrary. Further as defendant is afforded the full opportunity to rebut it, it does not appear to us the risk of erroneous deprivation [of a defendant's constitutionally protected interest in the money] is unconstitutionally great....

Considering the totality of the circumstances here, I find that the inference the trial court drew under § 13–4305 was not irrational, impermissible, or violative of appellant's constitutional rights. I agree with the trial court that sufficient evidence was presented to establish probable cause to warrant forfeiture.